UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JULIAN SMITH. | § | |
| | § | |
| PLAINTIFF, | § | Case No. 4:18-cv-25 |
| | § | |
| v. | § | |
| | § | |
| REAL PAGE, INC., | § | **COMPLAINT** |
| | § | |
| DEFENDANT. | § | **Jury Demand** |

COMPLAINT

COMES NOW the plaintiff Julian Smith by and through his undersigned

counsel, and alleges as follows:

PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive

damages, costs and attorney fees pursuant to the Fair Credit Reporting Act, 15

U.S.C. §§ 1681, *et seq.* ("FCRA").

2.      The FCRA is a comprehensive statutory scheme governing the conduct

of a consumer reporting agency ("CRA").

3.      Congress recognized that CRAs such as Defendant Real Page, Inc.

"have assumed a vital role in assembling and evaluating consumer credit and other

information on consumers." 15 U.S.C. § 1681(a)(3). Therefore, Congress found that

there "is a need to insure that consumer reporting agencies exercise their grave

responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

4.     To achieve accuracy of consumer reports, which can include criminal record information, the FCRA requires that when a CRA prepares a report, it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

5.     A consumer can notify a CRA that the consumer disputes the accuracy or completeness of any information in their file.

6.     Upon notification of the dispute, the FCRA requires that the CRA conduct a reasonable reinvestigation of the disputed information to determine if the information is accurate.

7.     The CRA must notify the source of the disputed information about the consumer's dispute.

8.     The CRA must provide the source with all relevant information received from the consumer about the dispute.

9.     The CRA must review and consider all relevant information provided by the consumer in conducting the reinvestigation.

10.    The CRA must delete or modify information that is found to be inaccurate or incomplete, or that cannot be verified.

11.     The CRA must complete the reinvestigation within 30 days, or within 45 days if the dispute is based on a free annual credit report.

12.     The CRA must send the consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation.  15 U.S.C. § 1681i(a).

## JURISDICTION & VENUE

13.     This court has jurisdiction under 15 U.S.C. § 1681p.

14.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

15.     Plaintiff Julian Smith ("Plaintiff") is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c), and is a resident of Nevada.

16.     Defendant Real Page, Inc. ("Defendant" or "Real Page") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

17.     In all respects and all times relevant herein, Real Page was doing business in this judicial district.

## FACTUAL ALLEGATIONS

18.     On or about July 3, 2015, Plaintiff applied for housing at South Gate Towers ("South Gate") in Miami, Florida.

19.     South Gate requested Plaintiff's consumer report from Real Page ("background report") in connection with Plaintiff's application for housing.

20.   Real Page prepared and issued Plaintiff's background report to South Gate with inaccurate information.

21.   More specifically, in the background report, Real Page reported to South Gate that Plaintiff has criminal history.

22.   Real Page, upon information and belief, also reported Plaintiff is a female.

23.   The information reported by Real Page is false (the "false information").

24.   Plaintiff does not have the criminal history reported by Real Page to South Gate.

25.   Plaintiff is not a female.

26.   The criminal history reported by Real Page caused Plaintiff's application for housing at South Gate to be denied.

27.   The criminal history provided to South Gate by Real Page on the background report does not belong to Plaintiff.

28.   In other words, Real Page included criminal history related to or concerning a consumer other than Plaintiff on Plaintiff's background report.

29.   Plaintiff called Real Page and disputed the false information.

30.   Real Page didn't reinvestigate or delete the false information.

31.     In other words, Real Page did not comply with its obligations under the FCRA, § 1681i(a), including but not limited to the obligation to conduct a reasonable reinvestigation of Plaintiff's dispute.

32.     Access to a consumer's file, as that term is defined by 15 U.S.C. § 1681a(g), is a right under the FCRA.

33.     The right to one's file is one of the most fundamental rights under the FCRA.

34.     Real Page deprived Plaintiff of access to his file.

35.     On more than one occasion, Plaintiff requested his file from Real Page.

36.     Real Page received at least one request from Plaintiff for his file.

37.     On at least one occasion, Real Page did not provide Plaintiff with his file in response to his request.

38.     On more than one occasion, Real Page did not provide Plaintiff with his file in response to his requests.

39.     As a result of Real Page's conduct, Plaintiff has suffered actual damages, including denial of housing, damage to reputation, out-of-pocket expenses, emotional distress and interference with Plaintiff's normal and usual activities.

40.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of

their agency or employment, and under the direct supervision and control of the Defendant herein.

41.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

### FIRST CLAIM FOR RELIEF
(Negligent Noncompliance with the FCRA)

42.     Plaintiff realleges and incorporates the above numbered paragraphs.

43.     Real Page negligently failed to comply with the requirements of the FCRA.

44.     As a result of Real Page's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, as further outlined above, which Plaintiff seeks damages in an amount to be determined by the jury.

45.     Pursuant to 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b), g, i, and j.

### SECOND CLAIM FOR RELIEF
(Willful Noncompliance with the FCRA)

46.     Plaintiff realleges and incorporates the above paragraphs.

47.     Real Page willfully failed to comply with the requirements of the FCRA.

48.     As a result of Real Page's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including denial of housing, damage to reputation, out-of-pocket expenses, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

49.     Pursuant to 15 U.S.C. § 1681n, Defendant is liable to the Plaintiff for negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b), g, i, and j.

50.     Plaintiff demands a trial by jury on all claims.

Prayer

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

On the First Claim for Relief:

1.     Actual damages; and

2.     Costs and attorney fees.

On the Second Claim for Relief:

1.     Actual damages;

2.     Statutory damages, punitive damages; and

3.      Costs and attorney fees.

                              Respectfully submitted,

                              */s/ Micah S. Adkins*
                              Micah S. Adkins (TX Bar No.: 24088777 )
                              **THE ADKINS FIRM, P.C.**
                              7100 Executive Center Drive, Suite 110
                              Brentwood, Tennessee 37027
                              Telephone:   (615) 370-9659
                              Facsimile:    (615) 370-4099
                              Email: MicahAdkins@ItsYourCreditReport.com
                              *Counsel for Plaintiff*