# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JULIAN SMITH | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-00025 |
| | § | Judge Mazzant |
| REAL PAGE, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss for Improper Venue, or Alternatively, to Transfer Venue to the Northern District of Texas (Dkt. #8). After reviewing the relevant pleadings and motions, the Court finds that the motion should be denied.

### BACKGROUND

This case concerns an action for damages under the Fair Credit Reporting Act ("FCRA"). In June 2014, Plaintiff Julian Smith applied for housing at Southgate Towers ("Southgate"), located in Miami Beach, Florida. Southgate required Plaintiff to undergo a background check to determine his eligibility, and requested a consumer report from Defendant Real Page, Inc. On or about June 5, 2014, Defendant sent Plaintiff a notice indicating that Southgate took adverse action against him due to the information contained in the consumer report. The adverse action notification indicated that Defendant included certain criminal history information, which was the basis for Southgate's denial of Plaintiff's application. The notice also informed Plaintiff that he could make a dispute with Defendant at its principal place of business located at 4000 International Pkwy., Carrollton, Texas 75007. Thereafter, Plaintiff alleges that Defendant failed to either reinvestigate or delete the information as required by the FCRA (Dkt. #11 at ¶¶ 54, 55). Plaintiff also asserts that even after repeated requests, Defendant failed to provide him with a copy of his file, also in violation of the FCRA (Dkt. #11 at ¶ 59).

Plaintiff is a resident of the State of Nevada. Defendant is a Delaware corporation and previously maintained its principal place of business at 4000 International Pkwy., Carrollton, Texas 75007 (located within this district) until as early as September 2016. Defendant currently maintains its principal place of business in Richardson, Texas, within the Northern District of Texas.

On January 9, 2018, Plaintiff filed suit against Defendant in the Eastern District of Texas (Dkt. #1). On April 6, 2018, Defendant filed a Motion to Dismiss for Improper Venue, or Alternatively, to Transfer Venue to the Northern District of Texas (Dkt. #8). On April 27, 2018, Plaintiff filed a response, which included a request to transfer venue to the Southern District of Florida, and an Amended Complaint, which clarified the basis of venue in this district (Dkt. #11 at ¶ 10). On May 11, 2018, Defendant filed a reply (Dkt. #18).

## LEGAL STANDARD

### I. Rule 12(b)(3) Improper Venue

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). Once a defendant raises improper venue by motion, "the burden of sustaining venue will be on [the] Plaintiff." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)). In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco*, 570 F.3d at 238. If venue is

improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

## II. § 1404 Transfer

Section 1404 permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of § 1404 "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense . . .'" *Van Dusen,* 376 U.S. at 616 (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 27 (1960)).

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties consent to a particular jurisdiction. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once that threshold inquiry is met, the Fifth Circuit has held "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of Am.,*

3

*Inc.*, 545 F.3d 304 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are neither exhaustive nor exclusive, and no single factor is dispositive. *Id*.

The party seeking transfer of venue must show good cause for the transfer. *Id.* The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Id.* at 315 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. at 315. And while the multi-factor analysis is informative, ultimately, "the district court has broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

## ANALYSIS

### I. Rule 12(b)(3) Improper Venue

The FCRA provides that "an action to enforce any liability created under this title . . . may be brought in any appropriate United States district court." 15 U.S.C. § 1681p. Thus, venue for FCRA actions is established under the general venue rules found in 28 U.S.C. § 1391(b). *See Volkswagen II*, 545 F.3d at 312 ("When no special, restrictive venue statute applies [as for

FCRA actions], the general venue statute, 28 U.S.C. § 1391, controls a plaintiff's choice of venue."). Pursuant to § 1391(b),

> [A] civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> . . . For all venue purposes . . .
>
> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business[.]

28 U.S.C. § 1391(b), (c)(2).

Defendant argues that venue is improper under § 1391(b)(1) because this district lacks either specific or personal jurisdiction over it. Defendant bases its argument on having transferred its principal place of business from Denton County, Texas, to Dallas County, Texas, within the Northern District of Texas, before Plaintiff filed suit (Dkt. #18 at p. 2). It also argues venue is improper under § 1391(b)(2) because "the events giving rise to this claim did not occur in the Eastern District [of Texas]" (Dkt. #8 at p. 3).

Plaintiff argues that venue is proper in this district under § 1391(b)(2), contending that a "substantial part of the events . . . giving rise to the claim occurred" within this district (Dkt. #12 at p. 2). 28 U.S.C. § 1391(b)(2). Plaintiff asserts that Defendant's alleged non-compliance occurred at its previous principal place of business, within the Eastern District of Texas, and constitutes a substantial part of the events that gave rise to his claim.

To establish venue, Plaintiff needs to satisfy the requirements of one of the three alternatives set out in § 1391(b). *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). "[Section 1391(b)(1) and § 1391(b)(2)] define the preferred judicial districts for venue in a typical case, but the third paragraph provides a fallback option: If no other venue is proper, then venue will lie in "*any judicial district* in which any defendant is subject to the court's personal jurisdiction." *Id*. at 56–57 (emphasis added). Thus, a plaintiff suing only one defendant, or multiple defendants who all reside in the same forum state, has the option of laying venue through either § 1391(b)(1) or § 1391(b)(2). *See* 28 U.S.C. § 1391(b)(1)−(2). Therefore, although Plaintiff did not address whether venue is proper under § 1391(b)(1), venue can still be properly established solely under § 1391(b)(2).[1] *See Atl. Marine*, 571 U.S. at 56.

Defendant's notification of adverse action contained a physical address to which disputes should be directed. That address is within the Eastern District of Texas, supporting the inference that the reporting and dispute resolution decisions were made in this district (Dkt. #11 at ¶ 40). After Plaintiff filed his dispute with Defendant, Defendant allegedly failed to reinvestigate or to delete the disputed information (Dkt. #11 at ¶¶ 54, 55). Also, when Plaintiff requested his file and Defendant allegedly failed to provide it, Defendant's principal place of business was still located within this district (Dkt. #11 at ¶ 59). These actions by Defendant, taken as true, constitute alleged failures to comply with its statutory duties under the FCRA. *See* 15 U.S.C. § 1681i.

Since these alleged failures occurred in the Eastern District of Texas and constitute substantial parts of the events that led to this suit, venue is proper in this district. *See* 28 U.S.C. § 1391(b)(2); *Poimboeuf v. United States*, No. 2:18-CV-00008, 2018 WL 1903598, at *2

---

[1] While the Court finds it unnecessary to reach the issue, the Court would likely hold that for venue purposes, Defendant is subject to specific personal jurisdiction in this district because Plaintiff's claim arises "out of, or [is] related to, defendant's contacts with th[is] forum." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). Thus, supporting venue under § 1391(b)(1).

(E.D. Tex. Apr. 2, 2018) (citing *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001) ("A substantial part of the events does not mean the single triggering event of a cause of action, but rather looks to the entirety of the claim")); *Redi-Mix Sols., Ltd. v. Express Chipping, Inc.*, No. 6:16-CV-298-RWS-KNM, 2017 WL 3671377, at *5 (E.D. Tex. Feb. 9, 2017) (noting that under § 1391(b)(2) venue may be proper in more than one district).[2]

## II. § 1404 Transfer

In this case, both parties prefer a venue other than the Eastern District of Texas. Plaintiff seeks a transfer to the Southern District of Florida, and Defendant seeks a transfer to the Northern District of Texas (Dkt. #8; Dkt. #12). Transfer under § 1404 can only be granted "to any other district or division where [the action] might have been brought." 28 U.S.C. § 1404(a). After finding that the action could have been brought in the proposed district, the Court conducts the convenience analysis using the private and public factors. *Volkswagen II*, 545 F.3d at 315.

### A. The Appropriateness of the Proposed Forums

Here, venue could have been brought in both of the parties' preferred districts. The Northern District of Texas would have been a proper venue under § 1391(b)(1) because Defendant's principal place of business is currently located there; thus, subjecting it to general personal jurisdiction there. *See* 28 U.S.C. § 1391(b)(1); *Daimler AG v. Bauman*, 571 U.S. 117, 120 (2014); *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). The Southern District of Florida, Plaintiff's preferred forum, would also have been a proper venue under § 1391(b)(2). It is the location where Plaintiff suffered harm due to the denial of his housing application, which also constitutes a substantial part of the events leading to this suit. *See* 28 U.S.C. § 1391(b)(2);

---

[2] The Court notes that all actions and activities that make up Plaintiff's claim occurred in either the Eastern District of Texas or the Southern District of Florida. None of the actions that make up Plaintiff's claim occurred in the Northern District of Texas.

*Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001) (holding venue is proper for FCRA actions where plaintiff suffers "at least one of the harms").

## B. The Private Interest Factors

The Fifth Circuit considers four non-exclusive "private" factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of willing witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive. *Volkswagen II*, 545 F.3d at 315.

### 1. The Relative Ease of Access to Sources of Proof

The first private interest factor is the relative ease of access to sources of proof. *Volkswagen I*, 371 F.3d at 203. "The Fifth Circuit has cautioned this factor remains relevant despite technological advances having made electronic document production commonplace." *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 272201, at *3 (W.D. Tex. June 13, 2014) (citing *Volkswagen II*, 545 F.3d at 316). "[T]he location of documents is given little weight in determining proper venue unless the documents 'are so voluminous [that] their transport is a major undertaking.'" *Barnes and Noble Booksellers, Inc. v. DDR DB SA Ventures, LP*, No. SA05CA0002XR, 2005 WL 1279192, at *2 (W.D. Tex. May 5, 2005) (quoting *Gardipee v. Petrol. Helicopteros, Inc.*, 49 F. Supp. 2d 925, 931 (E.D. Tex 1999)). *See Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992) ("documents can be produced and examined anywhere for discovery purposes").

Here, both parties argue that their preferred forums contain the important documentary evidence necessary for the resolution of this case (Dkt. #8 at p. 10; Dkt. #12 at p. 5). Defendant asserts that the "documentary evidence and [its] internal systems" are all at its principal place of business in Richardson, Texas (Dkt. #8 at p. 10). Plaintiff counters that the evidence of his

8

damages, such as "documents concerning Plaintiff's application, denial of housing [and rental community's] standards," is all in Miami, Florida (Dkt. #12 at p. 5). But neither party alleges that the documentary evidence in those locations is of such size as to make its transport a "major undertaking." Thus, because the documentary evidence is readily portable, this factor is neutral.

### 2. The Availability of Compulsory Process

The Court next asks whether transfer benefits the availability of compulsory process. A court's subpoena may command a person to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c).

Defendant concedes this factor is neutral (Dkt. #8 at p. 10). Plaintiff argues that the witnesses who can corroborate his damages are all residents of Florida and, thus, would not be subject to compulsory process in either the Northern or Eastern District of Texas (Dkt. #12 at p. 6). Plaintiff only identifies one such witness (Dkt. #12 at p. 6). Defendant identifies three potential witnesses, all employed by the Defendant at its principal place of business (Dkt. #18 at p. 4). Defendant's principal place of business is located at 2201 Lakeside Blvd., Richardson, Texas 75082, merely 50 miles away, well within the 100-mile subpoena power of this Court (Dkt. #18 at p. 5). As for Plaintiff's witness in Florida, the Court is not persuaded that his testimony is indispensable. Plaintiff himself acknowledges his testimony is solely concerned with the corroboration of damages (Dkt. #12 at p. 6). The Court concludes that the evidence presented by the testimony of Plaintiff's witness could easily be produced in documentary form. Therefore, between the Eastern and Northern District of Texas this factor is neutral, as courts in both districts would have subpoena power over the key witnesses in this case.

In contrast, if the action were transferred to the Southern District of Florida, Defendant's witnesses would certainly be outside the subpoena power of that court. Thus, this factor is neutral as between the Northern and Eastern District of Texas but disfavors transfer to the Southern District of Florida.

### 3. Cost of Attendance for Willing Witnesses

The Court must decide if the costs of attendance for willing witnesses would benefit from a transfer. In *Volkswagen II*, the Fifth Circuit noted that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time in which these fact witnesses must be away from their regular employment." *Volkswagen II*, 545 F.3d at 317. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of convenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204−05. "The convenience of witnesses is probably the single most important factor in transfer analysis." *In re Genetech, Inc.*, 556 F.3d 1338, 1342 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)). "[T]he convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Mid-Continent Cas. Co. v. Petrol. Sols., Inc.*, 629 F. Supp. 2d 759, 763 (S.D. Tex. 2009). Finally, "among party and non-party key-witnesses, a court should give greater weight to the availability and convenience of non-party, key-witnesses." *Id.*

Both parties merely offer conclusory statements as support that travel to this district would be overly burdensome and expensive for their witnesses (Dkt. #8 at p. 10; Dkt. #12 at p. 7). As discussed in the last factor's analysis, Defendant's principal place of business is merely 50 miles

away from this Court. Therefore, Defendant's employee-witnesses would not incur an overnight stay or any other expenses associated with long-distance travel. Also, for the same reasons as the previous factor, the Court is not persuaded that Plaintiff's witness in Florida can be classified as a "key" witness when his testimony would only corroborate Plaintiff's damages (*See* Dkt. #12 at p. 6). Thus, this factor is neutral as between the Eastern and Northern Districts of Texas.

Conversely, if the action were transferred to the Southern District of Florida, Defendant's witnesses' travel expenses would increase due to the action being litigated in a court hundreds of miles away. Plaintiff's argument that Defendant is a national corporation with employees "all over the United States and the world" fails to recognize that the employees with relevant knowledge of the actions litigated in this case are in Texas and not "all over the world" (Dkt. #12 at p. 7). Also, Plaintiff's argument that the Southern District of Florida is more convenient for him personally because he will be moving his residence to that district later this year is unpersuasive because he already selected this district as his preferred venue for filing (Dkt. #12 at p. 8). *See Volkswagen II*, 545 F.3d at 314 n.10 (noting plaintiff's choice of venue is not a distinct factor in § 1404 analysis); *See also Howard*, 2003 WL 21435750, at *3 (citing *Huisman v. Geuder, Paescke & Frey Co.*, 250 F. Supp. 631, 633 (E.D. Wis. 1966) (noting that plaintiff's convenience is given no weight when venue is proper in Plaintiff's originally filed forum)). Thus, this factor is neutral as between the Eastern and Northern District of Texas but disfavors transfer to the Southern District of Florida.

### 4. All Other Practical Problems

The Court then considers whether any other practical problems affect the transfer analysis. "[G]arden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer. Were it, delay would militate against transfer in every case."

*In re Radmax*, 720 F.3d 285, 289 (5th Cir. 2013). Further, "the convenience of counsel is not a factor to be assessed in determining whether to transfer under § 1404(a)." *Volkswagen I*, 371 F.3d at 206. Here, neither party argues, nor does the Court find any practical problems that either favor or disfavor transfer (Dkt. #8 at pp. 10−11; Dkt. #12 at p. 8). Thus, this factor is neutral.

### C. Public Interest Factors

The Fifth Circuit applies four non-exclusive public interest factors in determining a § 1404(a) venue transfer question: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or the application of foreign law. *Volkswagen II*, 545 F.3d at 315.

#### 1. The Administrative Difficulties Flowing from Court Congestion

In considering this factor, the speed with which a case can come to trial and be resolved may be relevant. *See Volkswagen II*, 545 F.3d at 316; *Gates Learjet Corp. v. Jenson*, 743 F.2d 1325, 1337 (9th Cir. 1984) ("[T]he real issue is not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.").

Defendant argues there would be no administrative difficulties by transferring to the Northern District of Texas (Dkt. #8 at p. 11). Plaintiff counters that the less congested dockets in the Southern District of Florida would allow for faster resolution of the dispute (Dkt. #12 at p. 8). The most recent statistics obtained by the Court for the twelve-month period ending on December 31, 2017, indicate that the median time from filing to trial in civil cases was 20.4 months in the Eastern District of Texas, 22.8 months in the Northern District of Texas, and 15 months in the Southern District of Florida, and the time from filing to disposition was 7.3 months, 6.8 months,

and 4.3 months respectively.³ Thus, this factor is neutral as the case resolution speeds of the three districts are similar.

### 2. The Local Interests in Having Localized Interests Decided at Home

The second public interest factor is the local interest in having localized interests decided at home. *Volkswagen II*, 545 F.3d at 315. "Jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation." *Affinity Labs of Tex. v. Samsung Elecs. Co.*, 968 F. Supp. 2d 852, 855 (E.D. Tex. 2013) (citing *Volkswagen I*, 371 F.3d at 206).

Defendant argues that the Eastern District of Texas has no compelling local interest in this action because there is "no nexus between the Plaintiff's claim and the Eastern District" (Dkt. #8 at p. 11). Defendant further contends that the compelling local interest is instead located in the Northern District of Texas because the company's principal place of business is located there (Dkt. #8 at p. 11). Plaintiff counters that the compelling local interest is in the Southern District of Florida because "there is a localized interest in Miami for the jurors to decide regarding tenant background reports used to determine members of the community's eligibility for housing" (Dkt. #12 at p. 8).

The FCRA's purpose is two-fold, on one hand, the statute seeks to protect consumers and, on the other hand, to compel reporting agencies to "exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right[s]" by "adopting reasonable procedures for meeting the needs of consumer credit . . . in a manner which is fair and equitable to the consumer, [specifically] with regard to . . . accuracy." 15 U.S.C. § 1681. This Court has an interest in enforcing and furthering the statutory intent within its jurisdiction. Further, this Court also has

---

³ *See* Federal Court Management Statistics, December 2017, http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison1231.2017.pdf, accessed May 17, 2018.

an interest in this claim, albeit a less compelling one, as Defendant formerly had its principal place of business within this district when the alleged non-compliance occurred (Dkt. #11 at ¶ 10). However, this factor favors transfer to the Southern District of Florida, as it was the location of Plaintiff's harm.

### 3. Familiarity of the Forum with the Governing Law

Next, the Court considers whether the familiarity of the forum with the matter's governing law affects the transfer analysis. Both sides concede, and the Court agrees, that because this suit is brought under the FCRA, a federal consumer protection law, there is no reason to think any district court would be more or less familiar with the law (Dkt. #8 at p. 11; Dkt. #12 at p. 9). *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (noting federal courts are equally capable of applying federal law). Thus, this factor is neutral.

### 4. The Avoidance of Unnecessary Problems of Conflict of Law

Finally, the Court considers whether transfer would cause or avoid unnecessary conflict of law problems. As discussed under the previous factor's analysis, this action concerns the application of the FCRA, a federal law, and does not involve any state substantive choice of law issues. Thus, as both parties correctly concede, this factor is neutral (Dkt. #8 at p. 11; Dkt. #12 at p. 9).

Having considered all the factors, the Court finds that venue is proper in the Eastern District of Texas, and that the parties have failed to show that transfer to either of the proposed forums would be clearly more convenient than the current venue. Defendant has failed to meet the significant burden to show good cause for the transfer as required under *Volkswagen II*. 545 F.3d at 315 (holding that "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.").

**CONCLUSION**

It is therefore **ORDERED** that Defendant's Motion to Dismiss for Improper Venue, or Alternatively, to Transfer Venue to the Northern District of Texas (Dkt. #8) is hereby **DENIED**.

**SIGNED this 25th day of June, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE